762 So.2d 441 (2000)
IN RE AMENDMENTS TO THE FLORIDA RULES FOR CERTIFIED AND COURT-APPOINTED MEDIATORS.
No. SC95491.
Supreme Court of Florida.
February 3, 2000.
Lawrence M. Watson, Jr., Chairman, Mediation and Arbitration Rules Committee, Maitland, Florida, for Petitioner.
Gregory Firestone, Ph.D., Director, Mediation Institute, University of South Florida, Tampa, Florida, Responding.
PER CURIAM.
The Florida Supreme Court Standing Committee on Mediation and Arbitration Rules (the Committee) petitions this Court to adopt proposed amendments to the Florida Rules for Certified and Court-Appointed Mediators (Mediation Rules). We have jurisdiction. Art. V, § 2(a), Fla. Const. The proposed changes were published for comment and comments from Gregory Firestone, Ph. D., were received. The Committee was asked to address Dr. Firestone's comments and after the Committee filed its response, the Court considered the petition without oral argument.
The Committee, which was established in 1989, is charged with, among other things, submitting recommendations to this Court concerning procedural and ethical rules for court-ordered mediation and arbitration in Florida. In this petition, the Committee proposes changes to three areas of the Mediation Rules, specifically: (1) the Mediator Standards of Professional Conduct; (2) the "Good Moral Character" standard for mediators; and (3) the rules governing the Mediator Qualifications Advisory Panel. After considering the proposals and comments, we adopt the changes as proposed, with one exception which we explain below. The changes are summarized according to the general areas listed above and are discussed in more detail where necessary to address Dr. Firestone's comments. Rules that have been merely renumbered are not addressed.

MEDIATOR STANDARDS OF PROFESSIONAL CONDUCT
The Committee's proposed amendments to the ethical rules are the result of a two-year program of public hearings, public drafting sessions, state-wide advance publication, and two separate mailings of initial drafts. Input was received from the Mediator Qualifications Board, the Supreme Court Committee on Mediation and Arbitration Training, the Mediator Qualifications Advisory Panel, the Committee from the Florida Association of Professional Family Mediators, the Florida Academy of Professional Mediators, the American College of Civil Trial Mediators, and the Trial Lawyers Section of the Florida Bar. The proposed changes to the ethical rules amount to a complete rewrite of the existing rules. In addition to revising the text of individual ethical rules, the Committee has reorganized the grouping and order of the rules, moved ethical concepts between rules, renumbered the rules, and created several new rules.
The ethical standards for mediators, which are grouped according to specific areas of a mediator's ethical responsibilities, are outlined below.

General Provisions, Rules 10.200-10.230
Rules 10.200-10.230 (General Provisions) enunciate the scope and purpose of the rules, describe the role of mediation and the mediator, and set forth underlying concepts of the process. They are taken, with only minor changes, from current rule 10.020 (Preamble). Rule 10.200 (Scope and Purpose) provides an introduction and overview to the amended standards of conduct. It replaces existing rule 10.020(a).
Proposed rule 10.210 (Mediation Defined) defines "Mediation" as *442 a process whereby an impartial third person acts to encourage and facilitate the resolution of a dispute without prescribing what it should be. It is an informal and non-adversarial process intended to help disputing parties reach a mutually acceptable agreement.
Gregory Firestone, Ph. D. takes issue with the Committee's use of the term "impartial third person," rather than the statutory term "neutral third person." See § 44.1011(2), Fla. Stat. (1999). He maintains that the Committee has substituted a requirement that mediators "only be impartial" for the statutory requirement that mediators be "neutral." Dr. Firestone asks that we adopt a definition of mediation that mirrors the statutory definition, thereby avoiding the confusion caused by what he believes are conflicting definitions.
The current definition of mediation which is found in rule 10.020(b) (Preamble),[1] basically tracks the statutory definition.[2] As pointed out by Dr. Firestone, the proposed rule varies from the statutory definition by replacing the word "neutral" with the word impartial. According to the Committee, it was not its intent to substitute its definition of mediation for that of the Legislature. The Committee points out that the concept of impartiality, which is used throughout the new rules, is defined by new rule 10.330(a) as "freedom from favoritism or bias in word, action, or appearance, and includes a commitment to assist all parties, as opposed to any one individual." By using the term "impartial" in the definition of mediation, the Committee sought to curtail a mediator's tendency to interject his or her beliefs about how the subject of the mediation should be resolved, thereby protecting the parties' right of self-determination-the guiding principle of mediation. In fact, according to the Committee, the rules were intended to promote exactly what Dr. Firestone urges they shoulda "neutral role with regard to the outcome of a dispute."
We basically agree with the Committee that the term "impartial," as used in the rules, encompasses the concept of "neutrality" as used in the statute.[3] However, in order to avoid any confusion that might be caused by the use of the differing terminology, we modify the amendment to rule 10.210 to refer to a "neutral and impartial third person."
Rule 10.220 (Mediator's Role) generally describes the function of the mediator and emphasizes that all decision making authority rests with the parties. It is basically a restatement of current rule 10.020(c). Rule 10.230 (Mediation Concepts) lists the general characteristics of the mediation process. It is basically a restatement of current rule 10.020(d), except that it omits "privacy" from the list of concepts that are emphasized in the process.

*443 Responsibility to the Parties, Rules 10.300-10.380
Rules 10.300-10.380 include a collection of specific ethical concerns involving a mediator's responsibility to the parties. The concepts formerly found in rule 10.060 (Self-Determination), rule 10.070 (Impartiality/Conflict of Interest), rule 10.080 (Confidentiality), rule 10.090 (Professional Advice), and rule 10.100 (Fees and Expenses) are incorporated in this series of rules. Also included in these rules are ethical concerns dealing with the mediator's demeanor and courtesy, contractual relationships, and responsibility to nonparticipating persons.
Rule 10.300 (Mediator's Responsibility to the Parties) describes the mediator's responsibility to the parties. Rule 10.310 (Self-Determination) is taken from current rule 10.060 (Self-Determination) and rule 10.090(c) (When Party Absent) with only minor changes. Proposed subdivision (b) of rule 10.310 expands the existing prohibition against party coercion to include participation in the mediation process itself, and any decision made during the process. Subdivision (d) is a modification of existing rule 10.090(c). That rule required termination if one of the parties is unable to participate for psychological or physical reasons. The new provision requires a mediator to cancel or postpone a mediation if a party is unable to freely exercise self-determination, irrespective of reason.
Dr. Firestone maintains that the committee note to rule 10.310,[4] which recognizes that a mediator may be asked to serve as a decision-maker, increases the lack of clarity between mediation and nonbinding arbitration. He fears that the committee note will encourage mediators to serve as arbitrators without offering clear guidelines for this "mediator/arbitrator" role. Dr. Firestone asks that before we "adopt standards allowing a mediator to serve as an arbitrator," we appoint a committee to fully study the issue and make recommendations to the Court.
First, in addressing Dr. Firestone's concerns, we must point out that committee notes are not adopted by this Court as part of the rules; rather, they are offered for explanation and guidance only. The committee note at issue here addresses the rare situation where a mediator is asked to become the decision-maker, which may occur when the parties are unable to reach an agreement. According to the Committee, the committee note was intended to provide guidance in this situation, not to sanction or encourage it. Moreover, rule 10.310(a) specifically provides that "a mediator shall not make substantive decisions for any party." Similarly, rule 10.370(c) provides that "a mediator shall not offer a personal or professional opinion intended to ... decide the dispute, or direct a resolution of any issue." Consistent with these provisions, the committee note simply attempts to make clear that once the mediator agrees to serve as decision-maker, he or she is no longer acting as a mediator and must inform the parties of the change in the relationship and obtain their consent before proceeding. Under the circumstances, we see no reason to exclude this committee note from the new rules.
Rule 10.320 (Nonparticipating Persons) is taken from existing rule 10.060(e) (Responsibility to Nonparticipating Parties), which requires the mediator to promote "consideration" of the interests of persons not participating in the mediation process who may be affected by its outcome. The new rule requires the mediator to promote "awareness" of interested persons.
*444 Rule 10.330 (Impartiality) defines impartiality, prohibits activities that are contrary to impartiality, and provides when a mediator is obliged to withdraw due to an impairment of impartiality. The rule is taken from current rules 10.070(a) and 10.070(b)(5) which deal with mediator impartiality. The definition of "impartiality" contained in proposed rule 10.330(a) is taken from current rule 10.070(a). New rule 10.330(b) substantially changes the standard for when a mediator is obliged to withdraw due to an impairment of impartiality. Under existing rule 10.070(a)(2) a mediator must withdraw when the mediator "believes" he or she can no longer be impartial. Under the new rule, a mediator must withdraw if the mediator "is" no longer impartial. Proposed rule 10.330(c) combines existing rules 10.070(a)(3) and 10.070(b)(5). It clarifies the prohibition against giving and accepting gifts, as well as the prohibition against soliciting future business.
Rule 10.340 (Conflict of Interest) clarifies when a conflict of interest disqualifies a mediator. It is a substantial rewrite of existing rule 10.070(b)(1-4). The new rule makes clear that a "mediator shall not mediate a matter that presents a clear or undisclosed conflict of interest." This would require a mediator to decline mediating a case presenting a clear conflict of interest, even when full disclosure has been made and a waiver by the parties has been received. It explains that a conflict of interest arises when "any relationship between the mediator and the mediation participants or the subject of the dispute compromises or appears to compromise the mediator's impartiality." New subdivision (d) replaces the current rule 10.070(b)(4) prohibition against providing counseling, therapy or legal services to any party during mediation with a broader rule. The new rule prohibits a mediator from creating any conflict of interest during mediation and specifically limits a mediator to providing services directly related to the mediation process.
Rule 10.350 (Demeanor) is a new aspirational rule dealing with mediator demeanor. Rule 10.360 (Confidentiality) is substantively the same as existing rule 10.080 outlining the confidentiality requirement.
Rule 10.370 (Professional Advice or Opinions) replaces existing rules 10.090(a), (b), and (d) which deal with a mediator offering opinions and advice to the parties. The proposed rule emphasizes the fundamental proposition that mediators must preserve and respect the parties' right to self-determination. Under the proposed rule, any technique or practice that impairs the parties' rights to independently agree or not agree to a resolution of the conflict is inappropriate. Under subdivisions (a) and (c), if impartiality is maintained and the parties' rights to self-determination are preserved, a mediator may provide information that the mediator is qualified to give, point out possible outcomes and discuss the merits of a claim or defense. With the basic tenets of the rule in mind, personal opinions intended to coerce the parties, decide the dispute, or direct a resolution are prohibited. Finally, the proposed rule retains the prohibition, found in existing rule 10.090(d), against the mediator offering an opinion as to how the court will resolve the dispute.
Dr. Firestone takes issue with proposed rule 10.370, expressing some of the same concerns he expressed in connection with the committee note to rule 10.310. Dr. Firestone believes subdivisions (a) and (c) of rule 10.370 further blur the distinction between arbitration and mediation by allowing the mediator to point out possible outcomes and discuss the merits of the case. He fears that this will cause family and dependency mediation to become more driven by the advocates than the parties.
In response to these concerns, the Committee explains that this proposal is the result of much debate over the two years of public hearings leading up to this proposal. The proposed rule was drafted in response to a substantial controversy that has arisen in the dispute resolution community *445 concerning the propriety of the mediation technique referred to as the "evaluative" mediation approach. In this mediation style, the mediator, often at the request of the parties, makes and offers an independent judgment on the merits of issues under consideration and explains the likely outcome of litigation.[5] Some, like Dr. Firestone, believe this technique shifts the process from one of facilitation to one of adjudication, while others believe it is a useful technique that should be employed in appropriate situations.[6]
The Committee was made well aware of the philosophical disagreement surrounding the evaluative mediation approach during the two years of hearings that preceded these proposals. As noted above, this debate was specifically addressed by the Committee in relation to rule 10.370. In drafting the rule, the Committee accepted that a mediator, often at the request of the parties, may offer an independent judgment on the merits of a case and attempted to provide a framework for this situation which is consistent with the basic mediation principles of impartiality and party self-determination. As explained above, subdivisions (a) and (c) allow a mediator to "provide information that the mediator is qualified ... to provide" and "point out possible outcomes of the case and discuss the merits of a claim or defense," only if impartiality and the parties' self-determination will be preserved. The rule does not authorize the mediator to decide the case or act as an arbitrator. In fact, under subdivision (c), the mediator is specifically prohibited from offering personal or professional opinion intended to decide the dispute or direct a resolution of any issue and from offering an opinion as to how the court will resolve the dispute.
In considering proposed rule 10.370, we have reviewed the differences of opinion surrounding the evaluative mediation technique, but believe that the Committee, with its broad expertise in both mediation and arbitration, is best equipped to address the dispute. Accordingly, we decline to second guess the Committee's decision that this mediation technique should be recognized in the rules.
Rule 10.380 (Fees and Expenses) reorganizes existing rule 10.100 on fees and expenses. The guiding principles for setting fees have been moved to subdivision (b) of the new rule. A simplified rule requiring a written explanation of fees has been added. That new subdivision, (c) (Written Explanation of the Fees), allows the mediator to give the written explanation of the fee structure to the party or counsel.

Mediator's Responsibility to the Mediation Process, Rules 10.400-10.430
Rules 10.400-10.430 include a collection of the specific ethical concerns affecting a mediator's responsibility to the mediation process. These rules incorporate the concepts currently found in rules 10.060 (Self-Determination), 10.090 (Professional Advice), and rule 10.110 (Concluding Mediation). Rule 10.400 (Mediator's Responsibility to the Mediation Process) contains a general statement of the mediator's responsibility to the mediation process and provides an introduction for the succeeding rules.
Rule 10.410 (Balanced Process) is a rewrite of current rule 10.060(d)(A Balanced *446 Process) and (f) (Mutual Respect), which provide that mediation be conducted in an evenhanded and mutually respectful manner. The new rule adds the requirement that the mediator encourage the participants to conduct themselves in a collaborative, non-coercive and non-adversarial manner.
Rule 10.420 (Conduct of Mediation) is taken from existing rules 10.050(a) (Orientation Process), 10.050(b) (Appropriateness of Mediation), 10.110(a)(1) (Full Agreement), 10.110(a)(3) (Integrity of the Agreement), 10.110(b)(1) (Termination by Participants), and 10.110(b)(2) (Termination by Mediator), which deal with the commencement of mediation and situations that lead to the adjournment or termination of the process. New subdivision (a) provides a checklist of the fundamental items a mediator is required to inform all participants of at the outset of a mediation session. The majority of the listed items are taken from existing rule 10.050(a). New subdivision (b) distinguishes between situations calling for termination of mediation as opposed to those warranting a temporary adjournment. Finally, subdivision (c) of the proposed rule requires the mediator to take an active role in seeing that any agreements reached are properly documented.
Rule 10.430 (Scheduling Mediation) comes in part from existing rule 10.050(c) (Avoidance of Delays). This rule adds a requirement that mediation be scheduled to allow sufficient time for the parties to fully exercise their right to self-determination.

Mediator's Responsibility to the Courts, Rules 10.500-10.530
Rules 10.500-10.530 include a collection of the specific ethical concerns affecting a mediator's responsibility to the courts. The concepts found in this rule are derived from existing rule 10.040 (Responsibilities to Courts). Rule 10.500 (Mediator's Responsibility to the Courts) explains that a mediator is accountable to the courts and any interaction with the court is subject to these ethical rules.
Rule 10.510 (Information to the Court) is taken from existing rule 10.040, and simply requires complete candor in all exchanges between the mediator and the presiding judge concerning the mediator's qualifications, availability, and all other pertinent matters.
Rule 10.520 (Compliance with Authority) is derived from current rules 10.030(a)(2)(A) and 10.040. However, it requires the mediator to "comply" with all relevant rules, regulations and laws, rather than simply "observe" them as required in the current rule. The rule incorporates requirements found in Chapter 44, Florida Statutes, various rules of court, local court rules, and administrative orders. It also allows for ethical ramifications should the mediator fail to comply with any of these provisions.
Rule 10.530 (Improper Influence) is derived from existing rule 10.040. It retains the general prohibition against any activity that has the appearance of improperly influencing a court to secure work but deletes the specific restriction against "giving gifts to court personnel."

Mediator's Responsibility to the Mediation Profession, Rule 10.600-10.690
Rules 10.600-10.690 include a collection of specific ethical concerns affecting a mediator's responsibility to the mediation profession. These rules contain concepts found in existing rules 10.030 (General Standards and Qualifications), 10.120 (Training and Education), 10.130 (Relationships with Other Professionals), and 10.150(Advancement of Mediation). Rule 10.600 (Mediator's Responsibility to the Mediation Profession) introduces a series of ethical standards designed to protect the quality of the mediation profession.
The first, rule 10.610 (Advertising) generally requires that advertising by a mediator be accurate and honest. It is taken from existing rule 10.130 with minor stylistic *447 changes. Rule 10.620 (Integrity and Impartiality) is taken with only minor rewording from the existing rule 10.030(a)(1). Rule 10.630 (Professional Competence) requires a mediator to maintain professional competence and participate in educational activities promoting professional growth. It is derived from existing rules 10.030(a)(2) and 10.120(b).
Rule 10.640 (Skill and Experience) is derived from existing rule 10.030(a)(3), which requires a mediator to decline an appointment, withdraw, or request assistance when a case is beyond the mediator's competence. The new rule substitutes the phrase "when the facts and circumstances of the case are beyond the mediator's skill or experience" for the phrase "when the mediator decides that a case is beyond the mediator's competence."
Rule 10.650 (Concurrent Standards) is taken from existing rule 10.030(b), which requires a mediator to comply with other applicable ethical standards. The new rule adds a provision making clear that these ethical rules prevail over any conflicting ethical standards.
Rule 10.660 (Relationship with Other Mediators) replaces existing rule 10.140(a), which deals with a mediator's ethical responsibility toward other mediators. Rather than trying to cover all instances in which an interaction between two mediators could occur, the rule provides a broad aspirational statement covering the topic.
Rule 10.670 (Relationship with Other Professionals) is a restatement of existing rule 10.140(b)(1). It restates the general rule that mediators should respect other professionals and promote mutual cooperation.
Rule 10.680 (Prohibited Agreements) is a revised version of existing rule 10.140(b)(2), which specifically prohibits employment agreements restricting the rights of a mediator to mediate after termination of a professional relationship. The new rule provides a more general proscription against a mediator restricting or limiting another mediator's practice following termination of a professional relationship.
Rule 10.690 (Advancement of Mediation) combines existing rule 10.120(c), which encourages mediators to mentor new mediators, and rule 10.150, which encourages mediators to provide mediation services pro bono and sets forth the aspirational goal of supporting the advancement of mediation.

RULES FOR DETERMINING GOOD MORAL CHARACTER
At the recommendation of the Supreme Court Standing Committee on Mediation and Arbitration Training, the Committee on Mediation and Arbitration Rules proposes several amendments dealing with the process for determining the "good moral character" of an applicant for mediator certification. The amendments make minor changes to several existing rules and create two new rules setting forth a clear "good moral character" standard.
Current rule 10.010 (General Qualifications) which has been renumbered 10.100, contains, among other things, the requirement that an applicant for certification possess "good moral character." However, the rule contains no definition of or procedure for enforcing that requirement. New rule 10.110 (Good Moral Character) defines the "good moral character" standard. It also establishes standards for determining good moral character. The criteria for determining whether an applicant meets the good moral character requirement is outlined in subdivision (c), which contains both objective and subjective criteria. Subdivisions (c)(2) and (c)(3) make any person convicted of a felony automatically ineligible for certification until restoration of civil rights, or if the applicant is on felony probation, until termination of probation. Subdivision (c)(4) lists factors to be considered in relation to any conduct which may raise a question regarding good moral character. The criteria for determining whether an applicant *448 meets the good moral character requirement is outlined in subdivision (c), which contains both objective and subjective criteria. This list of factors is based on rule 3-12 of the Rules of the Supreme Court Relating to Admissions to the Bar, which is used in determining fitness to practice law.

Qualifications Complaint Committee
The Committee also proposes the creation of a Qualifications Complaint Committee (QCC), a committee of the Mediator Qualifications Board. Under newly created rules 10.720(j), 10.730(e), and 10.740(b), the QCC has exclusive authority to determine probable cause in relation to "good moral character" issues involving both applicants and certified mediators. As explained below, under new rule 10.800 the QCC reviews all questions concerning the good moral character of applicants and certified mediators and all discipline by a professional organization of which a mediator is a member.
Rule 10.800 (Good Moral Character; Professional Discipline) establishes a procedure by which the good moral character of applicants and certified mediators is reviewed. Subdivision (a) outlines the procedure to be followed when a "good moral character" issue arises in relation to both applicants and certified mediators. Under this procedure the Dispute Resolution Center reviews all applications and forwards questionable matters to the QCC. The Center also forwards to the QCC any credible evidence it becomes aware of which brings into question the current "good moral character" of a certified mediator. The QCC then can either dismiss the complaint or send it to a hearing panel. After the hearing, the panel can dismiss the charges, deny certification of an applicant, or impose sanctions on a mediator. Subdivision (b) provides a mechanism for review by the QCC any time the Dispute Resolution Center becomes aware that a certified mediator has been disciplined by a professional organization of which a mediator is a member.
Rule 10.810 (Committee Process) is derived from existing rule 10.220 (Complaint Committee Process). Reference to the QCC is added where appropriate and the rule is amended to accommodate the new procedures for determination of "good moral character."
Rule 10.820 (Hearing Procedures) is derived from existing rule 10.230. The only significant change to this rule is the addition of subdivision (n) which substitutes the "preponderance of the evidence" standard in relation to applications for the "clear and convincing evidence" standard normally utilized in mediator disciplinary cases. Rule 10.830 (Sanctions) is derived from existing rule 10.240. Rule 10.850 (Confidentiality) is derived from existing rule 10.260. These amendments bring the rules into compliance with the procedure for determining "good moral character."
Rule 10.880 (Supreme Court Review) is based on existing rule 10.290. The amendments to this rule provide for review of "good moral character" determinations.

THE MEDIATOR QUALIFICATIONS ADVISORY PANEL
Rule 10.900 (Mediator Ethics Advisory Committee) is a substantial rewrite of existing rule 10.300 (Mediator Qualifications Advisory Panel). The name of the advisory panel, which has been operating under the existing rule since July 1994, is changed to the Mediator Ethics Advisory Committee. The amendments are intended to increase the effectiveness and efficiency of the advisory committee. Among the more significant changes are the amendments to subdivisions: (c), which adds a dependency mediator to the committee; (d), which allows the committee to meet by telephone conference; and (e), which requires that a majority of all members concur in any advisory opinion. Also of significance is the amendment to subdivision (g), which clarifies the confidential nature of requests for advisory opinions. Subdivision (g) extends the confidentiality *449 requirement to requests for an opinion, including any reference to any real person, firm, organization, or corporation identified. The confidentiality amendment applies to all opinions ever issued by the advisory committee.

Miscellaneous Amendments
Under the current rule 10.010, which has been renumbered 10.100 (General Qualifications), it was unclear whether a mediator must maintain a continued certification or licensure which was required for initial certification as a mediator. New subdivision (e) has been added to rule 10.100 to address this situation. Under this subdivision, the Qualifications Complaint Committee must review any adverse certification or licensure actions taken against a certified mediator, which relate to professional licenses or certifications necessary for certification as a mediator.
Existing rule 10.160 has been renumbered 10.700 (Scope and Purpose). The term "decertification" has been replaced with the term "suspension" to more accurately reflect the present disciplinary process.
Rule 10.730 (Mediator Qualifications Board) is based on existing rule 10.190. Subdivision (b)(5) of the rule is amended to afford dependency mediators representation on the Mediator Qualifications Board (MQB). Under this amendment, the Chief Justice has discretion to appoint one to three mediators with specific knowledge in the area of dependency mediation from each geographic division of the MQB. Rule 10.750 (Staff) is based on existing rule 10.210. The amendment clarifies that the Dispute Resolution Center provides all staff support necessary for the MQB to perform all the functions specified by these rules.
Accordingly, we adopt the new mediation rules and amendments as set forth in the attached appendix. Additions are indicated by underlining; deletions are indicated by strike-through type. These amendments shall become effective at 12:01 a.m., April 1, 2000.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

APPENDIX

FLORIDA RULES FOR CERTIFIED AND COURT-APPOINTED MEDIATORS
PART I. MEDIATOR QUALIFICATIONS

Rule 10.010 10.100. General Qualifications
(a) County Court Mediators. For certification a mediator of county court matters must be certified as a circuit court or family mediator or:
(1) complete a minimum of 20 hours in a training program certified by the supreme court;
(2) observe a minimum of 4 county court mediation conferences conducted by a court-certified mediator and conduct 4 county court mediation conferences under the supervision and observation of a court-certified mediator; and
(3) be of good moral character.
(b) Family Mediators. For certification a mediator of family and dissolution of marriage issues must:
(1) complete a minimum of 40 hours in a family mediation training program certified by the supreme court;
(2) have a master's degree or doctorate in social work, mental health, or behavioral or social sciences; be a physician certified to practice adult or child psychiatry; or be an attorney or a certified public accountant licensed to practice in any United States jurisdiction; and have at least 4 years practical experience in one of the aforementioned fields or have 8 years family mediation experience with a minimum of 10 mediations per year;

*450 (3) observe 2 family mediations conducted by a certified family mediator and conduct 2 family mediations under the supervision and observation of a certified family mediator; and
(4) be of good moral character.
(c) Circuit Court Mediators. For certification a mediator of circuit court matters, other than family matters, must:
(1) complete a minimum of 40 hours in a circuit court mediation training program certified by the supreme court;
(2) be a member in good standing of The Florida Bar with at least 5 years of Florida practice and be an active member of The Florida Bar within 1 year of application for certification; or be a retired trial judge from any United States jurisdiction who was a member in good standing of the bar in the state in which the judge presided for at least 5 years immediately preceding the year certification is sought;
(3) observe 2 circuit court mediations conducted by a certified circuit mediator and conduct 2 circuit mediations under the supervision and observation of a certified circuit court mediator; and
(4) be of good moral character.
(d) Dependency Mediators. For certification a mediator of dependency matters, as defined in Florida Rules for Juvenile Procedure 8.290(a) must:
(1) complete a supreme court certified dependency mediation training program as follows:
(A) 40 hours if the applicant is not a certified family mediator or is a certified family mediator who has not mediated at least 4 dependency cases; or
(B) 20 hours if the applicant is a certified family mediator who has mediated at least 4 dependency cases; and
(2) have a master's degree or doctorate in social work, mental health, behavioral sciences or social sciences; or be a physician licensed to practice adult or child psychiatry or pediatrics; or be an attorney licensed to practice in any United States jurisdiction; and
(3) have 4 years experience in family and/or dependency issues or be a licensed mental health professional with at least 4 years practical experience or be a supreme court certified family or circuit mediator with a minimum of 20 mediations; and
(4) observe 4 dependency mediations conducted by a certified dependency mediator and conduct 2 dependency mediations under the supervision and observation of a certified dependency mediator; and
(5) be of good moral character.
(e) Referral for Discipline. If the certification or licensure necessary for any person to be certified as a family or circuit mediator is suspended or revoked, or if the mediator holding such certification or licensure is in any other manner disciplined, such matter shall be referred to the Mediator Qualifications Board for appropriate action pursuant to rule 10.800.
(e)(f) Special Conditions. Mediators who have been duly certified as circuit court or family mediators before July 1, 1990, shall be deemed qualified as circuit court or family mediators pursuant to these rules. Certified family mediators who have mediated a minimum of 4 dependency cases prior to July 1, 1997, shall be granted temporary certification and may continue to mediate dependency matters for no more than 1 year from the time that a training program pursuant to subdivision (d)(1)(B) is certified by the supreme court. Such mediators shall be deemed qualified to apply for certification as dependency mediators upon successful completion of the requirements of subdivisions (d)(1)(B) and (d)(5) of this rule.

Rule 10.110. Good Moral Character
(a) General Requirement. No person shall be certified by this Court as a mediator *451 unless such person first produces satisfactory evidence of good moral character as required by rule 10.100.
(b)Purpose. The primary purpose of the requirement of good moral character is to ensure protection of the participants in mediation and the public, as well as to safeguard the justice system. A mediator shall have, as a prerequisite to certification and as a requirement for continuing certification, the good moral character sufficient to meet all of the Mediator Standards of Professional Conduct set out in rules 10.200-10.690.
(c) Initial Certification. The following shall apply in relation to determining the good moral character required for mediator certification:
(1) The applicant's good moral character may be subject to inquiry when the applicant's conduct is relevant to the qualifications of a mediator.
(2) A person who has been convicted of a felony shall not be eligible for certification until such person has received a restoration of civil rights.
(3) A person who is serving a sentence of felony probation shall not be eligible for certification until termination of the period of probation.
(4) In assessing whether the applicant's previous conduct demonstrates a present lack of good moral character the following factors shall be relevant:
(A) the extent to which the conduct would interfere with a mediator's duties and responsibilities;
(B) the area of mediation in which certification is sought;
(C) the factors underlying the conduct;
(D) the applicant's age at the time of the conduct;
(E) the recency of the conduct;
(F) the reliability of the information concerning the conduct;
(G) the seriousness of the conduct as it relates to mediator qualifications;
(H) the cumulative effect of the conduct or information;
(I) any evidence of rehabilitation;
(J) the applicant's candor during the application process; and
(K) disbarment or suspension from any profession.
Part II. STANDARDS OF PROFESSIONAL CONDUCT

Rule 10.020. Preamble
(a) Scope; Purpose. These rules are intended to instill and promote public confidence in the mediation process and to be a guide to mediator conduct. As with other forms of dispute resolution, mediation must be built on public understanding and confidence. Persons serving as mediators are responsible to the parties, the public, and the courts to conduct themselves in a manner which will merit that confidence. These rules apply to all mediators who are certified or court appointed. These rules are also intended to serve as a guide to mediators' conduct in discharging their professional responsibilities as mediators.
(b) Mediation Defined. Mediation is a process whereby a neutral third party acts to encourage and facilitate the resolution of a dispute without prescribing what it should be. It is an informal and non-adversarial process with the objective of helping the disputing parties reach a mutually acceptable agreement.
(c) Mediator's Role. In mediation, decision-making authority rests with the parties. The role of the mediator includes but is not limited to assisting the parties in identifying issues, reducing obstacles to communication, maximizing the exploration of alternatives, and helping the parties reach voluntary agreements.
(d) General Principles. Mediation is based on principles of communication, negotiation, *452 facilitation, and problem solving that emphasize:
(1) the needs and interests of the participants;
(2) fairness;
(3) procedural flexibility;
(4) privacy and confidentiality;
(5) full disclosure; and
(6) self determination.

Rule 10.030. General Standards and Qualifications
(a) General. Integrity, impartiality, and professional competence are essential qualifications of any mediator. Mediators, shall adhere to the highest standards of integrity, impartiality, and professional competence in rendering their professional service.
(1) A mediator shall not accept any engagement, perform any service, or undertake any act which would compromise the mediator's integrity.
(2) A mediator shall maintain professional competence in mediation skills including, but not limited to:
(A) staying informed of and abiding by all statutes, rules, and administrative orders relevant to the practice of court-ordered mediation;
(B) if certified, continuing to meet the requirements of these rules; and
(C) regularly engaging in educational activities promoting professional growth.
(3) A mediator shall decline appointment, withdraw, or request technical assistance when the mediator decides that a case is beyond the mediator's competence.
(b) Concurrent Standards. Nothing herein shall replace, eliminate, or render inapplicable relevant ethical standards, not in conflict with these rules, which may be imposed upon any mediator by virtue of the mediator's professional calling.

Rule 10.040. Responsibilities to Courts
A mediator shall be candid, accurate, and fully responsive to a court concerning the mediator's qualifications, availability, and all other pertinent matters. A mediator shall observe all administrative policies, local rules of court, applicable procedural rules, and statutes. A mediator is responsible to the judiciary for the propriety of the mediator's activities and must observe judicial standards of fidelity and diligence. A mediator shall refrain from any activity which has the appearance of improperly influencing a court to secure placement on a roster or appointment to a case, including gifts or other inducements to court personnel.

Rule 10.050. The Mediation Process
(a) Orientation Session. On commencement of the mediation session, a mediator shall inform all parties that the process is consensual in nature, that the mediator is an impartial facilitator, and that the mediator may not impose or force any settlement on the parties.
(b) Appropriateness of Mediation. The mediator shall assist the parties in evaluating the benefits, risks, and costs of mediation and alternative methods of problem solving available to them. A mediator shall not unnecessarily or inappropriately prolong a mediation session if it becomes apparent that the case is unsuitable for mediation or if one or more of the parties is unwilling or unable to participate in the mediation process in a meaningful manner.
(c) Avoidance of Delays. A mediator shall plan a work schedule so that present and future commitments will be fulfilled in a timely manner. A mediator shall refrain from accepting appointments when it becomes apparent that completion of the mediation assignments accepted cannot be done in a timely fashion. A mediator shall perform the mediation services in a timely and expeditious fashion, avoiding delays wherever possible.

*453 Rule 10.060. Self-Determination
(a) Parties' Right to Decide. A mediator shall assist the parties in reaching an informed and voluntary settlement. Decisions are to be made voluntarily by the parties themselves.
(b) Prohibition of Mediator Coercion. A mediator shall not coerce or unfairly influence a party into a settlement agreement and shall not make substantive decisions for any party to a mediation process.
(c) Prohibition of Misrepresentation. A mediator shall not intentionally or knowingly misrepresent material facts or circumstances in the course of conducting a mediation.
(d) A Balanced Process. A mediator shall promote a balanced process and shall encourage the parties to conduct the mediation deliberations in a non adversarial manner.
(e) Responsibility to Nonparticipating Parties. A mediator shall promote consideration of the interests of persons affected by actual or potential agreements who are not represented at the bargaining table.
(f) Mutual Respect. A mediator shall promote mutual respect among the parties throughout the mediation process.

Committee Notes
While a mediator has no duty to specifically advise a party as to the legal ramifications or consequences of a proposed agreement, there is a duty for the mediator to advise the parties of the importance of understanding such matters and giving them the opportunity to seek such advice if they desire.

Rule 10.070. Impartiality
(a) Impartiality. A mediator shall be impartial and advise all parties of any circumstances bearing on possible bias, prejudice, or impartiality. Impartiality means freedom from favoritism or bias in word, action, and appearance. Impartiality implies a commitment to aid all parties, as opposed to an individual party, in moving toward an agreement.
(1) A mediator shall maintain impartiality while raising questions for the parties to consider as to the reality, fairness, equity, and feasibility of proposed options for settlement.
(2) A mediator shall withdraw from mediation if the mediator believes the mediator can no longer be impartial.
(3) A mediator shall not give or accept a gift, request, favor, loan, or any other item of value to or from a party, attorney, or any other person involved in and arising from any mediation process.
(b) Conflicts of Interest and Relationships; Required Disclosures; Prohibitions.
(1) A mediator must disclose any current, past, or possible future representation or consulting relationship with any party or attorney involved in the mediation. Disclosure must also be made of any pertinent pecuniary interest. All such disclosures shall be made as soon as practical after the mediator becomes aware of the interest or the relationship.
(2) A mediator must disclose to the parties or to the court involved any close personal relationship or other circumstance, in addition to those specifically mentioned earlier in this rule, which might reasonably raise a question as to the mediator's impartiality. All such disclosures shall be made as soon as practical after the mediator becomes aware of the interest or the relationship.
(3) The burden of disclosure rests on the mediator. After appropriate disclosure, the mediator may serve if both parties so desire. If the mediator believes or perceives that there is a clear conflict of interest, he or she should withdraw, irrespective of the expressed desires of the parties.
(4) A mediator shall not provide counselling or therapy to either party during the mediation process, nor shall a mediator who is a lawyer represent either *454 party in any matter during the mediation.
(5) A mediator shall not use the mediation process to solicit, encourage, or otherwise incur future professional services with either party.

Committee Notes
The duty to disclose potential conflicts includes the fact of membership on a board of directors, full-time or part-time services as a representative or advocate, consultation work for a fee, current stock or bond ownership (other than mutual fund shares or appropriate trust arrangements), or any other pertinent form of managerial, financial or immediate family interest of the party involved. A mediator who is a member of a law firm is obliged to disclose any representational relationship the member firm may have had with the parties.
Mediators establish personal relationships with many representatives, attorneys, mediators, and other members of various professional associations. There should be no attempt to be secretive about such friendships or acquaintances, but disclosure is not necessary unless some feature of a particular relationship might reasonably appear to impair impartiality.

Rule 10.080. Confidentiality
(a) Required. A mediator shall preserve and maintain the confidentiality of all mediation proceedings except where required by law to disclose information.
(b) When Disclosure Permitted. A mediator shall keep confidential from the other parties any information obtained in individual caucuses unless the party to the caucus permits disclosure.
(c) Records. A mediator shall maintain confidentiality in the storage and disposal of records and shall render anonymous all identifying information when materials are used for research, training, or statistical compilations.

Rule 10.090. Professional Advice
(a) Generally. A mediator shall not provide information the mediator is not qualified by training or experience to provide.
(b) Independent Legal Advice. When a mediator believes a party does not understand or appreciate how an agreement may adversely affect legal rights or obligations, the mediator shall advise the participants to seek independent legal counsel.
(c) When Party Absent. If one of the parties is unable to participate in a mediation process for psychological or physical reasons, a mediator should postpone or cancel mediation until such time as all parties are able and willing to resume. Mediators may refer the parties to appropriate resources if necessary.
(d) Personal Opinion. While a mediator may point out possible outcomes of the case, under no circumstances may a mediator offer a personal or professional opinion as to how the court in which the case has been filed will resolve the dispute.

Committee Notes
Mediators who are attorneys should note Florida Bar Committee on Professional Ethics, formal opinion 86-8 at 1239, which states that the lawyer-mediator should "explain the risks of proceeding without independent counsel and advise the parties to consult counsel during the course of the mediation and before signing any settlement agreement that he might prepare for them."

Rule 10.100. Fees and Expenses
(a) General Requirements. A mediator occupies a position of trust with respect to the parties and the courts. In charging for services and expenses, the mediator must be governed by the same high standards of honor and integrity that apply to all other phases of the mediator's work. A mediator must endeavor to keep total charges for services and expenses reasonable and consistent with the nature of the case. If fees are charged, a mediator shall give a written explanation of the *455 fees and related costs, including time and manner of payment, to the parties prior to the mediation. The explanation shall include:
(1) the basis for and amount of charges, if any, for:
(A) mediation sessions;
(B) preparation for sessions;
(C) travel time;
(D) postponement or cancellation of mediation sessions by the parties and the circumstances under which such charges will normally be assessed or waived;
(E) preparation of the parties' written mediation agreement; and
(F) all other items billed by the mediator; and
(2) the parties' pro rata share of mediation fees and costs if previously determined by the court or agreed to by the parties.
(b) Records. A mediator shall maintain adequate records to support charges for services and expenses and shall make an accounting to the parties or to the court upon request.
(c) Referrals. No commissions, rebates, or similar remuneration shall be given or received by a mediator for referral of clients for mediation or related services.
(d) Contingent Fees. A mediator shall not charge a contingent fee or base a fee in any manner on the outcome of the process.
(e) Principles. A mediator should be guided by the following general principles:
(1) Time charges for a mediation session should not be in excess of actual time spent or allocated for the session.
(2) Time charges for preparation should not be in excess of actual time spent.
(3) Charges for expenses should be for expenses normally incurred and reimbursable in mediation cases and should not exceed actual expenses.
(4) When time or expenses involve 2 or more sets of parties on the same day or trip, such time and expense charges should be prorated appropriately.
(5) A mediator may specify in advance a minimum charge for a mediation session without violating this rule.
(6) When a mediator is contacted directly by the parties for mediation services, the mediator has a professional responsibility to respond to questions regarding fees by providing a copy of the basis for charges for fees and expenses.

Rule 10.110. Concluding Mediation
(a) With Agreement.
(1) Full Agreement. The mediator shall cause the terms of any agreement reached to be memorialized appropriately and discuss with the participants the process for formalization and implementation of the agreement.
(2) Partial Agreement. When the participants reach a partial agreement, the mediator shall discuss the procedures available to resolve the remaining issues.
(3) Integrity of the Agreement. The mediator shall not knowingly assist the parties in reaching an agreement which for reasons such as fraud, duress, overreaching, the absence of bargaining ability, or unconscionability would be unenforceable.
(b) Without Agreement.
(1) Termination by Participants. The mediator shall not require a participant's further presence at a mediation conference when it is clear the participant desires to withdraw.
(2) Termination by Mediator. If the mediator believes that the participants are unable or unwilling to participate meaningfully in the process or that an agreement is unlikely, the mediator shall suspend or terminate the mediation.

*456 The mediator should not prolong unproductive discussions that would result in emotional and monetary costs to the participants. The mediator shall not continue to provide mediation services where there is a complete absence of bargaining ability.

Committee Notes
Florida Rule of Civil Procedure 1.730(b) requires that any agreement reached be reduced to writing. Mediators have an obligation to insure this rule is complied with, but are not themselves required to write the agreement.

Rule 10.120. Training and Education
(a) Training. A mediator is obligated to acquire knowledge and training in the mediation process, including an understanding of appropriate professional ethics, standards, and responsibilities. Upon request, a mediator is required to disclose the extent and nature of the mediator's training and experience.
(b) Continuing Education. It is important that mediators continue their professional education throughout the period of their active service. A mediator shall be personally responsible for ongoing professional growth, including participation in such continuing education as may be required by law.
(c) New Mediator Training. An experienced mediator should cooperate in the training of new mediators, including serving as a mentor.

Rule 10.130. Advertising
All advertising by a mediator must represent honestly the services to be rendered. No claims of specific results or promises which imply favoritism to one side should be made for the purpose of obtaining business. A mediator shall make only accurate statements about the mediation process, its costs and benefits, and the mediator's qualifications.

Rule 10.140. Relationships with Other Professionals
(a) The Responsibility of the Mediator Toward Other Mediators.
(1) Relationship with Other Mediators. A mediator should not mediate any dispute that is being mediated by another mediator without first endeavoring to consult with the person or persons conducting such mediation.
(2) Co-Mediation. In those situations where more than 1 mediator is participating in a particular case, each mediator has a responsibility to keep the others informed of developments essential to a cooperative effort. The wishes of the parties supersede the interests of the mediators.
(b) Relationship with Other Professionals.
(1) Cooperation. A mediator should respect the relationship between mediation and other professional disciplines including law, accounting, mental health, and the social services and should promote cooperation between mediators and other professionals.
(2) Prohibited Agreements. A mediator shall not participate in offering or making a partnership or employment agreement that restricts the rights of a mediator to practice after termination of the relationship, except an agreement concerning benefits upon retirement.

Rule 10.150. Advancement of Mediation
(a) Pro Bono Service. Mediators have a professional responsibility to provide competent services to persons seeking their assistance, including those unable to pay for such services. As a means of meeting the needs of the financially disadvantaged, a mediator should provide mediation services pro bono or at a reduced rate of compensation whenever appropriate.
(b) Support of Mediation. A mediator should support the advancement of mediation by encouraging and participating in *457 research, evaluation, or other forms of professional development and public reduction.

RULE 10.200. SCOPE AND PURPOSE
These Rules provide ethical standards of conduct for certified and court-appointed mediators. They are intended to both guide mediators in the performance of their services and instill public confidence in the mediation process. The public's use, understanding, and satisfaction with mediation can only be achieved if mediators embrace the highest ethical principles. Whether the parties involved in a mediation choose to resolve their dispute is secondary in importance to whether the mediator conducts the mediation in accordance with these ethical standards.

Committee Notes
2000 Revision. In early 1991, the Florida Supreme Court Standing Committee on Mediation and Arbitration Rules was commissioned by the Chief Justice to research, draft and present for adoption both a comprehensive set of ethical standards for Florida mediators and procedural rules for their enforcement. To accomplish this task, the Committee divided itself into two sub-committees and, over the remainder of the year, launched parallel programs to research and develop the requested ethical standards and grievance procedures.
The Subcommittee on Ethical Standards began its task by searching the nation for other states or private dispute resolution organizations who had completed any significant work in defining the ethical responsibilities of professional mediators. After searching for guidance outside the state, the subcommittee turned to Florida's own core group of certified mediators for more direct and firsthand data. Through a series of statewide public hearings and meetings, the subcommittee gathered current information on ethical concerns based upon the expanding experiences of practicing Florida certified mediators. In May of 1992, The "Florida Rules for Certified and Court Appointed Mediators" became effective.
In the years following the adoption of those ethical rules, the Committee observed their impact on the mediation profession. By 1998, several other states and dispute resolution organizations initiated research into ethical standards for mediation which also became instructive to the Committee. In addition, Florida's Mediator Qualifications Advisory Panel, created to field ethical questions from practicing mediators, gained a wealth of pragmatic experience in the application of ethical concepts to actual practice that became available to the Committee. Finally, The Florida Mediator Qualifications Board, the disciplinary body for mediators, developed specific data from actual grievances filed against mediators over the past several years, which also added to the available body of knowledge.
Using this new body of information and experience, the Committee undertook a year long study program to determine if Florida's ethical rules for mediators would benefit from review and revision.
Upon reviewing the 1992 ethical Rules, it immediately became apparent to the Committee that reorganization, renumbering, and more descriptive titles would make the Rules more useful. For that reason, the Rules were reorganized into four substantive groups which recognized a mediator's ethical responsibilities to the "parties," the "process," the "profession" and the "courts." The intent of the Committee here was to simply make the Rules easier to locate. There is no official significance in the order in which the Rules appear; any one area is equally important as all other areas. The Committee recognizes many rules overlap and define specific ethical responsibilities which impact more than one area. Clearly, a violation of a rule in one section may very well injure relationships protected in another section.
Titles to the Rules were changed to more accurately reflect their content. Additionally, redundancies were eliminated, *458 phrasing tightened, and grammatical changes made to more clearly state their scope and purpose.
Finally, the Committee sought to apply what had been learned. The 2000 revisions are the result of that effort.

Rule 10.210. Mediation Defined
Mediation is a process whereby a neutral and impartial third person acts to encourage and facilitate the resolution of a dispute without prescribing what it should be. It is an informal and non-adversarial process intended to help disputing parties reach a mutually acceptable agreement.

Rule 10.220. Mediator's Role
The role of the mediator is to reduce obstacles to communication, assist in the identification of issues and exploration of alternatives, and otherwise facilitate voluntary agreements resolving the dispute. The ultimate decision-making authority, however, rests solely with the parties.

Rule 10.230. Mediation Concepts
Mediation is based on concepts of communication, negotiation, facilitation, and problem-solving that emphasize:
(a) self determination;
(b) the needs and interests of the parties;
(c) fairness;
(d) procedural flexibility;
(e) confidentiality; and
(f) full disclosure.

Rule 10.300. Mediator's Responsibility to the Parties
The purpose of mediation is to provide a forum for consensual dispute resolution by the parties. It is not an adjudicatory procedure. Accordingly, a mediator's responsibility to the parties includes honoring their right of self-determination; acting with impartiality; and avoiding coercion, improper influence, and conflicts of interest. A mediator is also responsible for maintaining an appropriate demeanor, preserving confidentiality, and promoting the awareness by the parties of the interests of non-participating persons. A mediator's business practices should reflect fairness, integrity and impartiality.

Committee Notes
2000 Revision. Rules 10.300-10.380 include a collection of specific ethical concerns involving a mediator's responsibility to the parties to a dispute. Incorporated in this new section are the concepts formerly found in Rule 10.060 (Self Determination); Rule 10.070 (Impartiality/Conflict of Interest); Rule 10.080 (Confidentiality); Rule 10.090 (Professional Advice); and Rule 10.100 (Fees and Expenses). In addition, the Committee grouped under this heading ethical concerns dealing with the mediator's demeanor and courtesy, contractual relationships, and responsibility to non-participating persons.

Rule 10.310. Self-Determination
(a) Decision-making. Decisions made during a mediation are to be made by the parties. A mediator shall not make substantive decisions for any party. A mediator is responsible for assisting the parties in reaching informed and voluntary decisions while protecting their right of self-determination.
(b) Coercion Prohibited. A mediator shall not coerce or improperly influence any party to make a decision or unwillingly participate in a mediation.
(c) Misrepresentation Prohibited. A mediator shall not intentionally or knowingly misrepresent any material fact or circumstance in the course of conducting a mediation.
(d) Postponement or Cancellation. If, for any reason, a party is unable to freely exercise self-determination, a mediator shall cancel or postpone a mediation.

Committee Notes
2000 Revision. Mediation is a process to facilitate consensual agreement between parties in conflict and to assist them in voluntarily resolving their dispute. It is *459 critical that the parties' right to self-determination (a free and informed choice to agree or not to agree) is preserved during all phases of mediation. A mediator must not substitute the judgment of the mediator for the judgment of the parties, coerce or compel a party to make a decision, knowingly allow a participant to make a decision based on misrepresented facts or circumstances, or in any other way impair or interfere with the parties' right of self-determination.
While mediation techniques and practice styles may vary from mediator to mediator and mediation to mediation, a line is crossed and ethical standards are violated when any conduct of the mediator serves to compromise the parties' basic right to agree or not to agree. Special care should be taken to preserve the party's right to self-determination if the mediator provides input to the mediation process. See rule 10.370.
On occasion, a mediator may be requested by the parties to serve as a decision-maker. If the mediator decides to serve in such a capacity, compliance with this request results in a change in the dispute resolution process impacting self-determination, impartiality, confidentiality, and other ethical standards. Before providing decision-making services, therefore, the mediator shall ensure that all parties understand and consent to those changes. See rules 10.330 and 10.340.
Under subdivision (d), postponement or cancellation of a mediation is necessary if the mediator reasonably believes the threat of domestic violence, existence of substance abuse, physical threat or undue psychological dominance are present and existing factors which would impair any party's ability to freely and willingly enter into an informed agreement.

Rule 10.320. Nonparticipating Persons
A mediator shall promote awareness by the parties of the interests of persons affected by actual or potential agreements who are not represented at mediation.

Committee Notes
2000 Revision. Mediated agreements will often impact persons or entities not participating in the process. Examples include lienholders, governmental agencies, shareholders, and related commercial entities. In family and dependency mediations, the interests of children, grandparents or other related persons are also often affected. A mediator is responsible for making the parties aware of the potential interests of such non-participating persons.
In raising awareness of the interests of non-participating persons, however, the mediator should still respect the rights of the parties to make their own decisions. Further, raising awareness of possible interests of related entities should not involve advocacy or judgments as to the merits of those interests. In family mediations, for example, a mediator should make the parents aware of the children's interests without interfering with self-determination or advocating a particular position.

Rule 10.330. Impartiality
(a) Generally. A mediator shall maintain impartiality throughout the mediation process. Impartiality means freedom from favoritism or bias in word, action, or appearance, and includes a commitment to assist all parties, as opposed to any one individual.
(b) Withdrawal for Partiality. A mediator shall withdraw from mediation if the mediator is no longer impartial.
(c) Gifts and Solicitation. A mediator shall neither give nor accept a gift, favor, loan, or other item of value in any mediation process. During the mediation process, a mediator shall not solicit or otherwise attempt to procure future professional services.

*460 Committee Notes
2000 Revision. A mediator has an affirmative obligation to maintain impartiality throughout the entire mediation process. The duty to maintain impartiality arises immediately upon learning of a potential engagement for providing mediation services. A mediator shall not accept or continue any engagement for mediation services in which the ability to maintain impartiality is reasonably impaired or compromised. As soon as practical, a mediator shall make reasonable inquiry as to the identity of the parties or other circumstances which could compromise the mediator's impartiality.
During the mediation, a mediator shall maintain impartiality even while raising questions regarding the reality, fairness, equity, durability and feasibility of proposed options for settlement. In the event circumstances arise during a mediation that would reasonably be construed to impair or compromise a mediator's impartiality, the mediator is obligated to withdraw.
Subdivision (c) does not preclude a mediator from giving or accepting de minimis gifts or incidental items provided to facilitate the mediation.

Rule 10.340. Conflicts of Interest
(a) Generally. A mediator shall not mediate a matter that presents a clear or undisclosed conflict of interest. A conflict of interest arises when any relationship between the mediator and the mediation participants or the subject matter of the dispute compromises or appears to compromise the mediator's impartiality.
(b) Burden of Disclosure. The burden of disclosure of any potential conflict of interest rests on the mediator. Disclosure shall be made as soon as practical after the mediator becomes aware of the interest or relationship giving rise to the potential conflict of interest.
(c) Effect of Disclosure. After appropriate disclosure, the mediator may serve if all parties agree. However, if a conflict of interest clearly impairs a mediator's impartiality, the mediator shall withdraw regardless of the express agreement of the parties.
(d) Conflict During Mediation. A mediator shall not create a conflict of interest during the mediation. During a mediation, a mediator shall not provide any services that are not directly related to the mediation process.

Committee Notes
2000 Revision. Potential conflicts of interests which require disclosure include the fact of a mediator's membership on a related board of directors, full or part time service by the mediator as a representative, advocate, or consultant to a mediation participant, present stock or bond ownership by the mediator in a corporate mediation participant, or any other form of managerial, financial, or family interest by the mediator in any mediation participant involved in a mediation. A mediator who is a member of a law firm or other professional organization is obliged to disclose any past or present client relationship that firm or organization may have with any party involved in a mediation.
The duty to disclose thus includes information relating to a mediator's ongoing financial or professional relationship with any of the parties, counsel, or related entities. Disclosure is required with respect to any significant past, present, or promised future relationship with any party involved in a proposed mediation. While impartiality is not necessarily compromised, full disclosure and a reasonable opportunity for the parties to react are essential.
Disclosure of relationships or circumstances which would create the potential for a conflict of interest should be made at the earliest possible opportunity and under circumstances which will allow the parties to freely exercise their right of self determination as to both the selection of the *461 mediator and participation in the mediation process.
A conflict of interest which clearly impairs a mediator's impartiality is not resolved by mere disclosure to, or waiver by, the parties. Such conflicts occur when circumstances or relationships involving the mediator cannot be reasonably regarded as allowing the mediator to maintain impartiality.
To maintain an appropriate level of impartiality and to avoid creating conflicts of interest, a mediator's professional input to a mediation proceeding must be confined to the services necessary to provide the parties a process to reach a self-determined agreement. Under subsection (d), a mediator is accordingly prohibited from utilizing a mediation to supply any other services which do not directly relate to the conduct of the mediation itself. By way of example, a mediator would therefore be prohibited from providing accounting, psychiatric or legal services, psychological or social counselling, therapy, or business consultations of any sort during the mediation process.
Mediators establish personal relationships with many representatives, attorneys, mediators, and other members of various professional associations. There should be no attempt to be secretive about such friendships or acquaintances, but disclosure is not necessary unless some feature of a particular relationship might reasonably appear to impair impartiality.

Rule 10.350. Demeanor
A mediator shall be patient, dignified, and courteous during the mediation process.

Rule 10.360. Confidentiality
(a) Scope. A mediator shall maintain confidentiality of all information revealed during mediation except where disclosure is required by law.
(b) Caucus. Information obtained during caucus may not be revealed by the mediator to any other mediation participant without the consent of the disclosing party.
(c) Record Keeping. A mediator shall maintain confidentiality in the storage and disposal of records and shall not disclose any identifying information when materials are used for research, training, or statistical compilations.

Rule 10.370. Professional Advice Or Opinions
(a) Providing Information. Consistent with standards of impartiality and preserving party self-determination, a mediator may provide information that the mediator is qualified by training or experience to provide.
(b) Independent Legal Advice. When a mediator believes a party does not understand or appreciate how an agreement may adversely affect legal rights or obligations, the mediator shall advise the party of the right to seek independent legal counsel.
(c) Personal or Professional Opinion. A mediator shall not offer a personal or professional opinion intended to coerce the parties, decide the dispute, or direct a resolution of any issue. Consistent with standards of impartiality and preserving party self-determination however, a mediator may point out possible outcomes of the case and discuss the merits of a claim or defense. A mediator shall not offer a personal or professional opinion as to how the court in which the case has been filed will resolve the dispute.

Committee Notes
2000 Revision (previously Committee Note to 1992 adoption of former rule 10.090). Mediators who are attorneys should note Florida Bar Committee on Professional Ethics, formal opinion 86-8 at 1239, which states that the lawyer-mediator should "explain the risks of proceeding without independent counsel and advise the parties to consult counsel during the course of the mediation and before signing *462 any settlement agreement that he might prepare for them."
2000 Revision. The primary role of the mediator is to facilitate a process which will provide the parties an opportunity to resolve all or part of a dispute by agreement if they choose to do so. A mediator may assist in that endeavor by providing relevant information or helping the parties obtain such information from other sources. A mediator may also raise issues and discuss strengths and weaknesses of positions underlying the dispute. Finally, a mediator may help the parties evaluate resolution options and draft settlement proposals. In providing these services however, it is imperative that the mediator maintain impartiality and avoid any activity which would have the effect of overriding the parties' rights of self-determination. While mediators may call upon their own qualifications and experience to supply information and options, the parties must be given the opportunity to freely decide upon any agreement. Mediators shall not utilize their opinions to decide any aspect of the dispute or to coerce the parties or their representatives to accept any resolution option.
While a mediator has no duty to specifically advise a party as to the legal ramifications or consequences of a proposed agreement, there is a duty for the mediator to advise the parties of the importance of understanding such matters and giving them the opportunity to seek such advice if they desire.

Rule 10.380. Fees and Expenses
(a) Generally. A mediator holds a position of trust. Fees charged for mediation services shall be reasonable and consistent with the nature of the case.
(b) Guiding Principles in Determining Fees. A mediator shall be guided by the following general principles in determining fees:
(1) Any charges for mediation services based on time shall not exceed actual time spent or allocated.
(2) Charges for costs shall be for those actually incurred.
(3) All fees and costs shall be appropriately divided between the parties.
(4) When time or expenses involve two or more mediations on the same day or trip, the time and expense charges shall be prorated appropriately.
(c) Written Explanation of Fees. A mediator shall give the parties or their counsel a written explanation of any fees and costs prior to mediation. The explanation shall include:
(1) the basis for and amount of any charges for services to be rendered, including minimum fees and travel time;
(2) the amount charged for the postponement or cancellation of mediation sessions and the circumstances under which such charges will be assessed or waived;
(3) the basis and amount of charges for any other items; and
(4) the parties' pro rata share of mediation fees and costs if previously determined by the court or agreed to by the parties.
(d) Maintenance of Records. A mediator shall maintain records necessary to support charges for services and expenses and upon request shall make an accounting to the parties, their counsel, or the court.
(e) Remuneration for Referrals. No commissions, rebates, or similar remuneration shall be given or received by a mediator for a mediation referral.
(f) Contingency Fees Prohibited. A mediator shall not charge a contingent fee or base a fee on the outcome of the process.

Rule 10.400. Mediator's Responsibility to the Mediation Process
A mediator is responsible for safeguarding the mediation process. The benefits of the process are best achieved if the mediation *463 is conducted in an informed, balanced and timely fashion. A mediator is responsible for confirming that mediation is an appropriate dispute resolution process under the circumstances of each case.

Committee Notes
2000 Revision. Rules 10.400-10.430 include a collection of specific ethical concerns involved in a mediator's responsibility to the mediation process. Incorporated in this new section are the concepts formerly found in rule 10.060 (Self-Determination), rule 10.090 (Professional Advice); and rule 10.110 (Concluding Mediation). In addition, the Committee grouped under this heading ethical concerns dealing with the mediator's duty to determine the existence of potential conflicts, a mandate for adequate time for mediation sessions, and the process for adjournment.

Rule 10.410. Balanced Process
A mediator shall conduct mediation sessions in an even-handed, balanced manner. A mediator shall promote mutual respect among the mediation participants throughout the mediation process and encourage the participants to conduct themselves in a collaborative, non-coercive, and non-adversarial manner.

COMMITTEE NOTES
2000 Revision. A mediator should be aware that the presence or threat of domestic violence or abuse among the parties can endanger the parties, the mediator, and others. Domestic violence and abuse can undermine the exercise of self-determination and the ability to reach a voluntary and mutually acceptable agreement.

Rule 10.420. Conduct of Mediation
(a) Orientation Session. Upon commencement of the mediation session, a mediator shall describe the mediation process and the role of the mediator, and shall inform the mediation participants that:
(1) mediation is a consensual process;
(2) the mediator is an impartial facilitator without authority to impose a resolution or adjudicate any aspect of the dispute; and
(3) communications made during the process are confidential, except where disclosure is required by law.
(b) Adjournment or Termination. A mediator shall:
(1) adjourn the mediation upon agreement of the parties;
(2) adjourn or terminate any mediation which, if continued, would result in unreasonable emotional or monetary costs to the parties;
(3) adjourn or terminate the mediation if the mediator believes the case is unsuitable for mediation or any party is unable or unwilling to participate meaningfully in the process;
(4) terminate a mediation entailing fraud, duress, the absence of bargaining ability, or unconscionability; and
(5) terminate any mediation if the physical safety of any person is endangered by the continuation of mediation.
(c) Closure. The mediator shall cause the terms of any agreement reached to be memorialized appropriately and discuss with the parties and counsel the process for formalization and implementation of the agreement.

Committee Notes
2000 Revision. In defining the role of the mediator during the course of an opening session, a mediator should ensure that the participants fully understand the nature of the process and the limits on the mediator's authority. See rule 10.370(c). It is also appropriate for the mediator to inform the parties that mediators are ethically precluded from providing non-mediation services to any party. See rule 10.340(d).
Florida Rule of Civil Procedure 1.730(b), Florida Rule of Juvenile Procedure 8.290(o), and Florida Family Law Rule of Procedure 12.740(f) require that any mediated agreement be reduced to writing. Mediators have an obligation to ensure *464 these rules are complied with, but are not required to write the agreement themselves.

Rule 10.430. Scheduling Mediation
A mediator shall schedule a mediation in a manner that provides adequate time for the parties to fully exercise their right of self-determination. A mediator shall perform mediation services in a timely fashion, avoiding delays whenever possible.

Rule 10.500. Mediator's Responsibility to the Courts
A mediator is accountable to the referring court with ultimate authority over the case. Any interaction discharging this responsibility, however, shall be conducted in a manner consistent with these ethical rules.

Committee Notes
2000 Revision. Rules 10.500-10.540 include a collection of specific ethical concerns involved in a mediator's responsibility to the courts. Incorporated in this new section are the concepts formerly found in rule 10.040 (Responsibilities to Courts).

Rule 10.510. Information to the Court
A mediator shall be candid, accurate, and fully responsive to the court concerning the mediator's qualifications, availability, and other administrative matters.

Rule 10.520. Compliance with Authority.
A mediator shall comply with all statutes, court rules, local court rules, and administrative orders relevant to the practice of mediation.

Rule 10.530. Improper Influence
A mediator shall refrain from any activity that has the appearance of improperly influencing a court to secure an appointment to a case.

Committee Notes
2000 Revision. Giving gifts to court personnel in exchange for case assignments is improper. De minimis gifts generally distributed as part of an overall business development plan are excepted. See also rule 10.330.

Rule 10.600. Mediator's Responsibility to The Mediation Profession
A mediator shall preserve the quality of the profession. A mediator is responsible for maintaining professional competence and forthright business practices, fostering good relationships, assisting new mediators, and generally supporting the advancement of mediation.

Committee Notes
2000 Revision. Rules 10.600-10.690 include a collection of specific ethical concerns involving a mediator's responsibility to the mediation profession. Incorporated in this new section are the concepts formerly found in rule 10.030 (General Standards and Qualifications), rule 10.120 (Training and Education), rule 10.130 (Advertising), rule 10.140 (Relationships with Other Professionals), and rule 10.150 (Advancement of Mediation).

Rule 10.610. Advertising
A mediator shall not engage in marketing practices which contain false or misleading information. A mediator shall ensure that any advertisements of the mediator's qualifications, services to be rendered, or the mediation process are accurate and honest. A mediator shall not make claims of achieving specific outcomes or promises implying favoritism for the purpose of obtaining business.

Rule 10.620. Integrity and Impartiality
A mediator shall not accept any engagement, provide any service, or perform any act that would compromise the mediator's integrity or impartiality.

Rule 10.630. Professional Competence
A mediator shall acquire and maintain professional competence in mediation. A mediator shall regularly participate in educational activities promoting professional growth.

Rule 10.640. Skill and Experience
A mediator shall decline an appointment, withdraw, or request appropriate assistance *465 when the facts and circumstances of the case are beyond the mediator's skill or experience.

Rule 10.650. Concurrent Standards
Other ethical standards to which a mediator may be professionally bound are not abrogated by these rules. In the course of performing mediation services, however, these rules prevail over any conflicting ethical standards to which a mediator may otherwise be bound.

Rule 10.660. Relationships with Other Mediators
A mediator shall respect the professional relationships of another mediator.

Rule 10.670. Relationship with Other Professionals
A mediator shall respect the roles of other professional disciplines in the mediation process and shall promote cooperation between mediators and other professionals.

Rule 10.680. Prohibited Agreements
With the exception of an agreement conferring benefits upon retirement, a mediator shall not restrict or limit another mediator's practice following termination of a professional relationship.

Committee Notes
2000 Revision. Rule 10.680 is intended to discourage covenants not to compete or other practice restrictions arising upon the termination of a relationship with another mediator or mediation firm. In situations where a retirement program is being contractually funded or supported by a surviving mediator or mediation firm, however, reasonable restraints on competition are acceptable.

Rule 10.690. Advancement of Mediation
(a) Pro Bono Service. Mediators have a responsibility to provide competent services to persons seeking their assistance, including those unable to pay for services. A mediator should provide mediation services pro bono or at a reduced rate of compensation whenever appropriate.
(b) New Mediator Training. An experienced mediator should cooperate in training new mediators, including serving as a mentor.
(c) Support of Mediation. A mediator should support the advancement of mediation by encouraging and participating in research, evaluation, or other forms of professional development and public education.

Part III. DISCIPLINE

Rule 10.160 10.700. Scope and Purpose
These rules apply to all proceedings before all panels and committees of the mediator qualifications board involving the discipline or decertification suspension of certified mediators or noncertified mediators appointed to mediate a case pursuant to Florida Rules of Civil Procedure 1.700-1.750 court rules. The purpose of these rules of discipline is to provide a means for enforcing the Florida Rules for Certified and Court-Appointed Mediators.

Rule 10.170 10.710. Privilege to Mediate
Certification to mediate confers no vested right to the holder thereof, but is a conditional privilege that is revocable for cause.

Rule 10.180 10.720. Definitions
(a) Board. The mediator qualifications board.
(b) Center. The Florida Dispute Resolution Center of the Office of the State Courts Administrator.
(c) Complaint. Formal submission of an alleged violation of the Rules for Certified and Court-Appointed Mediators, including allegations of a lack of good moral character. A complaint may originate from any person or from the Center.
(c)(d) Complaint Committee. Three members of the board from the division in which a complaint against a mediator originates.
*466 (d)(e) Counsel. Counsel appointed by the center, at the direction of the complaint committee, responsible for presenting the complaint to the panel.
(e)(f) Division. One of 3 standing divisions of the mediator qualifications board, established on a regional basis.
(f)(g) Investigator. A certified mediator, attorney, or other qualified individual appointed by the center at the direction of a complaint committee.
(g)(h) Mediator. A person certified by the Florida Supreme Court or an individual mediating pursuant to court order.
(h)(i) Panel. Except when used in rule 10.300, 5 Five members of the board from the division in which a complaint against a mediator originates.
(j) Qualifications Complaint Committee. Three members of the board selected for the purpose of considering referrals pursuant to rule 10.800.

Rule 10.190 10.730. Mediator Qualifications Board
(a) Generally. The mediator qualifications board shall be composed of 3 standing divisions that shall be located in the following regions:
(1) One division in north Florida, encompassing the First, Second, Third, Fourth, Eighth, and Fourteenth judicial circuits;
(2) One division in central Florida, encompassing the Fifth, Sixth, Seventh, Ninth, Tenth, Twelfth, Thirteenth, and Eighteenth judicial circuits;
(3) One division in south Florida, encompassing the Eleventh, Fifteenth, Sixteenth, Seventeenth, Nineteenth, and Twentieth judicial circuits.
Other divisions may be formed by the supreme court based on need.
(b) Composition of Divisions. Each division of the board shall be composed of:
(1) three circuit or county judges;
(2) three certified county mediators;
(3) three certified circuit mediators;
(4) three certified family mediators, at least 2 of whom shall be nonlawyers;
(5) not less than 1 nor more than 3 certified dependency mediators; and
(5)(6) three attorneys licensed to practice law in Florida who have a substantial trial practice and are neither certified as mediators nor judicial officers during their terms of service on the board, at least 1 of whom shall have a substantial divorce dissolution of marriage law practice.
(c) Appointment; Terms. Eligible persons shall be appointed to the board by the chief justice of the Supreme Court of Florida for a period of 4 years. The terms of the board members shall be staggered. The initial terms of the members shall be as follows:
(1) The judge members and the certified family mediators will be appointed for 2 year terms.
(2) The certified circuit mediators, the certified county mediators, and the members of The Florida Bar will be appointed for 4-year terms.
(d) Complaint Committee. Each complaint committee of the board shall be composed of 3 members. A complaint committee shall cease to exist after disposing of all assigned cases. Each complaint committee shall be composed of:
(1) one judge or attorney, who shall act as the chair of the committee;
(2) one mediator, who is certified in the area to which the complaint refers; and
(3) one other certified mediator.
(e) Qualifications Complaint Committee. One member of each division shall serve as a member of the qualifications complaint committee for a period of 1 year. The qualifications complaint committee shall be composed of:
(1) one judge or attorney, who shall act as the chair of the committee; and
(2) two certified mediators.
*467 (e)(f) Panels. Each panel of the board shall be composed of 5 members. A panel shall cease to exist after disposing of all assigned cases. Each panel shall be composed of:
(1) one circuit or county judge, who shall serve as the chair;
(2) three certified mediators, at least 1 of whom shall be certified in the area to which the complaint refers; and
(3) one attorney.
(f)(g) Panel Vice-Chair. Each panel once appointed shall elect a vice-chair. The vice-chair shall act as the chair of the panel in the absence of the chair.

Committee Notes
2000 Revision. In relation to (b)(5), the Committee believes that the Chief Justice should have discretion in the number of dependency mediators appointed to the Board depending on the number of certified dependency mediators available for appointment. It is the intention of the Committee that when dependency mediation reaches a comparable level of activity to the other three areas of certification, the full complement of three representatives per division should be realized.

Rule 10.200 10.740. Jurisdiction
(a) Complaint Committee. Each complaint committee shall have such jurisdiction and powers as are necessary to conduct the proper and speedy investigation and disposition of any complaint. The judge or attorney presiding over the complaint committee shall have the power to compel the attendance of witnesses, to take or to cause to be taken the depositions of witnesses, and to order the production of records or other documentary evidence, and the power of contempt. The complaint committee shall perform its investigatory function and have concomitant power to resolve cases prior to panel referral.
(b) Qualifications Complaint Committee. The qualifications complaint committee shall have jurisdiction over all matters referred pursuant to rule 10.800. The qualifications complaint committee shall have such jurisdiction and powers as are necessary to conduct the proper and speedy investigation and disposition of any good moral character complaint or other matter referred by the Center. The judge or attorney presiding over the qualifications complaint committee shall have the power to compel the attendance of witnesses, to take or to cause to be taken the depositions of witnesses, and to order the production of records or other documentary evidence, and the power of contempt. The qualifications complaint committee shall perform its investigatory function and have concomitant power to resolve cases prior to panel referral.
(b)(c) Panel. Each panel shall have such jurisdiction and powers as are necessary to conduct the proper and speedy adjudication and disposition of any proceeding. The judge presiding over each panel shall have the power to compel the attendance of witnesses, to take or to cause to be taken the depositions of witnesses, to order the production of records or other documentary evidence, and the power of contempt. The panel shall perform the adjudicatory function, but shall not have any investigatory functions.
(c)(d) Contempt. Should any witness fail, without justification, to respond to the lawful subpoena of the complaint committee, the qualifications complaint committee, or the panel or, having responded, fail or refuse to answer all inquiries or to turn over evidence that has been lawfully subpoenaed, or should any person be guilty of disorderly or contemptuous conduct before any proceeding of the complaint committee, the qualifications complaint committee, or the panel, a motion may be filed by the complaint committee, the qualifications complaint committee, or the panel before the circuit court of the county in which the contemptuous act was committed. The motion shall allege the specific failure on the part of the witness or the specific *468 disorderly or contemptuous act of the person which forms the basis of the alleged contempt of the complaint committee, the qualifications complaint committee, or the panel. Such motion shall pray for the issuance of an order to show cause before the circuit court why the circuit court should not find the person in contempt of the complaint committee, the qualifications complaint committee, or the panel and the person should not be punished by the court therefor. The circuit court shall issue such orders and judgments therein as the court deems appropriate.

Rule 10.210 10.750. Staff
The center shall provide all staff support to the board necessary to fulfill its duties and responsibilities under these rules and perform all other functions specified in these rules.

Rule 10.800. Good Moral Character; Professional Discipline
(a) Good Moral Character.
(1) Prior to approving an applicant for certification or renewal as a mediator the Center shall review the application to determine whether the applicant appears to meet the standards for good moral character. If the Center's review of an application for certification or renewal raises any questions regarding the applicant's good moral character, the Center shall request the applicant to supply additional information as necessary. Upon completing this extended review, the Center shall forward the application and supporting material as a complaint to the qualifications complaint committee.
(2) If the Center becomes aware of any information concerning a certified mediator which could constitute credible evidence of a lack of good moral character, the Center shall refer such information as a complaint to the qualifications complaint committee.
(3) The qualifications complaint committee shall review all documentation relating to the good moral character of any applicant or certified mediator in a manner consistent, insofar as applicable, with rule 10.810. In relation to an applicant, the qualifications complaint committee shall either recommend approval or, if it finds there is probable cause to believe that the applicant lacks good moral character, it shall refer the matter to a hearing panel for further action. In relation to a certified mediator, the qualifications complaint committee shall dismiss or, if there is probable cause to believe that the mediator lacks good moral character, refer the matter to a hearing panel for further action.
(4) The panel shall take appropriate action on the issue of good moral character by dismissing the charges, denying the application in relation to an applicant, or imposing sanctions against a certified mediator pursuant to rule 10.830.
(5) All such hearings shall be held in a manner consistent, insofar as applicable, with rule 10.820.
(b) Professional Discipline. Upon becoming aware that a certified mediator has been disciplined by a professional organization of which that mediator is a member, the Center shall refer the matter to the qualifications complaint committee.

Rule 10.220 10.810. Complaint Committee Process
(a) Initiation of Complaint. Any individual wishing to make a complaint alleging that a mediator has violated one or more provisions of these rules shall do so in writing under oath. The complaint shall state with particularity the specific facts that form the basis of the complaint.
(b) Filing. The complaint shall be filed with the center, or, in the alternative, the complaint may be filed in the office of the court administrator in the circuit in which the case originated or, if not case specific, in the circuit where the alleged misconduct occurred.
*469 (c) Referral. The complaint, if filed in the office of the court administrator, shall be referred to the center within 5 days of filing.
(d) Assignment to Committee. Upon receipt of a complaint in proper form, the center shall assign the complaint to a complaint committee or the qualifications complaint committee within 10 days.
(e) Facial Sufficiency Determination.
The complaint committee or the qualifications complaint committee shall convene, either in person or by conference call, to determine whether the allegation(s), if true, would constitute a violation of these rules. If the committee finds the a complaint against a certified mediator to be facially insufficient, the complaint shall be dismissed without prejudice and the complainant and the mediator shall be so notified. If the qualifications complaint committee finds a complaint against an applicant to be facially insufficient, the complaint shall be dismissed and the application approved if all other requirements are met. If the complaint is found to be facially sufficient, the committee shall prepare a list of any rule or rules which may have been violated and shall submit such to the center.
(f) Service. The center shall send a copy of the list of rule violations prepared by the complaintcommittee, a copy of the complaint, and a copy of these rules to the mediator or applicant in question. Service on the mediator or applicant shall be made by registered or certified mail addressed to the mediator or applicant at the mediator's or applicant's place of business or residence.
(g) Response. Within 20 days of the receipt of the list of violations prepared by the complaint committee and the complaint, the mediator or applicant shall send a written, sworn response to the center by registered or certified mail. If the mediator or applicant does not respond, the allegations shall be deemed admitted.
(h) Preliminary Review. Upon review of the complaint and the mediator's or applicant's response, the complaint committee may find that no violation has occurred and dismiss the case complaint. The complaint committee may also resolve the issue pursuant to rule 10.220 subdivision (j) herein of this rule.
(i) Appointment of Investigator. The committee, after review of the complaint and response, may direct the center to appoint an investigator to assist the committee in any of its functions. Such person shall investigate the complaint and advise the committee when it meets to determine the existence of probable cause. In the alternative to appointing an investigator, the complaint committee or any member or members thereof may investigate the allegations, if so directed by the committee chair. Such investigation may include meeting with the mediator, the applicant and the complainant, or both.
(j) Committee Meeting with the Mediator or Applicant. Notwithstanding any other provision in this rule, at any time while the complaint committee has jurisdiction, it may meet with the complainant and the mediator or applicant in an effort to resolve the matter. This resolution may include sanctions if agreed to by the mediator or applicant. If sanctions are accepted, all relevant documentation shall be forwarded to the center.
(k) Review. If no other disposition has occurred, the complaint committee shall review the complaint, the response, and any investigative report, including any underlying documentation, to determine whether there is probable cause to believe that the alleged mediator misconduct occurred and would constitute a violation of the rules.
(l) No Probable Cause. If the complaint committee finds no probable cause, it shall dismiss the complaint and so advise the complainant and the mediator or applicant in writing.
*470 (m) Probable Cause Found. If probable cause exists, the complaint committee may draft formal charges and forward such charges to the center for assignment to a panel. In the alternative, the complaint committee may decide not to pursue the case by filing a short and plain statement of the reason(s) for non-referral and so advise the complainant and the mediator or applicant in writing.
(n) Formal Charges and Counsel. If the complaint committee refers a complaint to the center, the complaint committee shall submit to the center formal charges which shall include a short and plain statement of the matters asserted in the complaint and references to the particular sections of the rules involved. After considering the circumstances of the complaint and the complexity of the issues to be heard, the complaintcommittee may direct the center to appoint a member of The Florida Bar to investigate and prosecute the complaint. Such counsel may be the investigator appointed pursuant to this rule if such person is otherwise qualified.
(o) Dismissal. Upon the filing of a stipulation of dismissal signed by the complainant and the mediator with the concurrence of the complaint committee, the action shall be dismissed. If an application is withdrawn by the applicant, the complaint shall be dismissed with or without prejudice depending on the circumstances.

Rule 10.230 10.820. Hearing Procedures
(a) Assignment to Panel. Upon referral of a complaint and formal charges from a complaint committee, the center shall assign the complaint and formal charges or other matter to a panel for hearing, with notice of assignment to the complainant and the mediator or applicant. No member of the complaint committee shall serve as a member of the panel.
(b) Hearing. The center shall schedule a hearing not more than 90 days nor less than 30 days from the date of notice of assignment of the matter to the panel.
(c) Dismissal. Upon the filing of a stipulation of dismissal signed by the complainant and the mediator, and with the concurrence of the panel, the action a complaint shall be dismissed.
(d) Procedures for Hearing. The procedures for hearing shall be as follows:
(1) No hearing shall be conducted without 5 panel members being present.
(2) The hearing may be conducted informally but with decorum.
(3) The rules of evidence applicable to trial of civil actions apply but are to be liberally construed.
(4) Upon a showing of good cause to the panel, testimony of any party or witness may be presented over the telephone.
(e) Right of the Mediator to Defend. A mediator or applicant shall have the right to defend against all charges and shall have the right to be represented by an attorney, to examine and cross-examine witnesses, to compel the attendance of witnesses to testify, and to compel the production of documents and other evidentiary matter through the subpoena power of the panel.
(f) Mediator or Applicant Discovery. The center shall, upon written demand of a party mediator, applicant, or counsel of record, promptly furnish the following: the names and addresses of all witnesses whose testimony is expected to be offered at the hearing, together with copies of all written statements and transcripts of the testimony of such witnesses in the possession of the counsel or the center which are relevant to the subject matter of the hearing and which have not previously been furnished.
(g) Panel Discovery. The mediator, applicant, or the mediator's counsel of record shall, upon written demand of the counsel or the center, promptly furnish the following: the names and addresses of all witnesses whose testimony is expected to *471 be offered at the hearing, together with copies of all written statements and transcripts of the testimony of such witnesses in the possession of the mediator, applicant, or the mediator's counsel of record which are relevant to the subject matter of the hearing and which have not previously been furnished.
(h) Failure to Appear. Absent a showing of good cause, if the complainant fails to appear at the hearing, the panel may dismiss the action a complaint for want of prosecution.
(i) Mediator's or Applicant's Absence. If the mediator or applicant fails to appear, absent a showing of good cause, the hearing shall proceed.
(j) Rehearing. If the matter is heard in the mediator's or applicant's absence, the mediator or applicant may petition for rehearing, for good cause, within 10 days of the date of the hearing.
(k) Recording. Any party shall have the right, without any order or approval, to have all or any portion of the testimony in the proceedings reported and transcribed by a court reporter at the party's expense.
(l) Dismissal. Upon dismissal by the panel of formal charges, the panel shall promptly file a copy of the dismissal order with the center.
(m) Sanctions. If, after the hearing, a majority of the panel finds that there is clear and convincing evidence to support a violation of the rules, the panel shall impose such sanctions included in rule 10.24010.830 as it deems appropriate and report such action to the center.
(n) Denial of Application for Certification. If, after a hearing, a majority of the panel finds by the preponderance of the evidence that an applicant should not be certified as a mediator, the panel shall deny the application and report such action to the center.

Rule 10.240 10.830. Sanctions
(a) Generally. The panel may impose one or more of the following sanctions:
(1) Imposition of costs of the proceeding.
(2) Oral admonishment.
(3) Written reprimand.
(4) Additional training, which may include the observation of mediations.
(5) Restriction on types of cases which can be mediated in the future.
(6) Suspension for a period of up to 1 year.
(7) Decertification or, if the mediator is not certified, bar from service as a mediator under Florida Rules of Civil Procedure.
(8) Such other sanctions as are agreed to by the mediator and the panel.
(b) Failure to Comply. If there is reason to believe that the mediator failed to timely comply with any imposed sanction, a hearing shall be held before a panel convened for that purpose within 60 days of the date when the center learned of the alleged failure to comply. A finding of the panel that there was a willful failure to substantially comply with any imposed sanction shall result in the decertification of the mediator.
(c) Decertified Mediators. If a mediator has been decertified or barred from service pursuant to these rules, the mediator shall not thereafter be certified in any circuit or assigned to mediate a case pursuant to Florida Rule of Civil Procedure 1.700 court rule or be designated as mediator pursuant to rule 1.720(f) court rule unless reinstated.
(d) Decision to be Filed. Upon making a determination that discipline is appropriate, the panel shall promptly file with the center a copy of the decision including findings and conclusions certified by the chair of the panel. The center shall promptly mail to all parties notice of such filing, together with a copy of the decision.
*472 (e) Notice to Circuits. The center shall notify all circuits of any mediator who has been decertified or suspended unless otherwise ordered by the Supreme Court of Florida.
(f) Publication. Upon the imposition of sanctions, the center shall publish the name of the mediator, a short summary of the rule or rules which were violated, the circumstances surrounding the violation, and any sanctions imposed.
(g) Reinstatement. Except if inconsistent with rule 10.110, aA mediator who has been suspended or decertified may be reinstated as a certified mediator. Except as otherwise provided in the decision of the panel, no application for reinstatement may be tendered within 2 years after the date of decertification. The reinstatement procedures shall be as follows:
(1) A petition for reinstatement, together with 3 copies, shall be made in writing, verified by the petitioner, and filed with the center.
(2) The petition for reinstatement shall contain:
(A) the name, age, residence, and address of the petitioner;
(B) the offense or misconduct upon which the suspension or decertification was based, together with the date of such suspension or decertification; and
(C) a concise statement of facts claimed to justify reinstatement as a certified mediator.
(3) The center shall refer the petition for reinstatement to a hearing panel in the appropriate division for review.
(4) The panel shall review the petition and, if the petitioner is found to be unfit to mediate, the petition shall be dismissed. If the petitioner is found fit to mediate, the panel shall notify the center and the center shall reinstate the petitioner as a certified mediator; provided, however, if the decertification has continued for more than 3 years, the reinstatement may be conditioned upon the completion of a certified training course as provided for in these rules. Successive petitions for reinstatement based upon the same grounds may be reviewed without a hearing.

Rule 10.250 10.840. Subpoenas
(a) Issuance. Subpoenas for the attendance of witnesses and the production of documentary evidence for discovery and for the appearance of any person before a complaint committee, a panel, or any member thereof, may be issued by the chair of the complaint committee or panel or, if the chair of the panel is absent, by the vice-chair. Such subpoenas may be served in any manner provided by law for the service of witness subpoenas in a civil action.
(b) Failure to Obey. Any person who, without adequate excuse, fails to obey a duly served subpoena may be cited for contempt of the committee or panel in accordance with rule 10.200 10.740.

Rule 10.260 10.850. Confidentiality
(a) Generally. Until sanctions are imposed, whether by the panel or upon agreement of the mediator, all proceedings shall be confidential. After sanctions are imposed by a panel or an application is denied, all documentation including and subsequent to the filing of formal charges shall be public with the exception of those matters which are otherwise confidential pursuant to law or rule of the Supreme Court supreme court. If a consensual agreement is reached between a mediator and a complaint committee, only the basis of the complaint and the agreement shall be released to the public.
(b) Witnesses. Each witness in every proceeding under these disciplinary rules shall be sworn to tell the truth and not disclose the existence of the proceeding, the subject matter thereof, or the identity of the mediator until the proceeding is no longer confidential under these disciplinary rules. Violation of this oath shall be *473 considered an act of contempt of the complaint committee or the panel.
(c) Papers to be Marked. All notices, papers, and pleadings mailed prior to formal charges being filed shall be enclosed in a cover marked "confidential."
(d) Breach of Confidentiality. Violation of confidentiality by a member of the board shall subject the member to removal by the chief justice of the Supreme Court of Florida.

Committee Notes
1995 Amendment Revision: The Committee believed the rule regarding confidentiality should be amended in deference to the 1993 amendment to section 44.102, Florida Statutes, that engrafted an exception to the general confidentiality requirement for all mediation sessions for the purpose of investigating complaints filed against mediators. Section 44.102(4) specifically provides that "the disclosure of an otherwise privileged communication shall be used only for the internal use of the body conducting the investigation" and that "[Prior] to the release of any disciplinary files to the public, all references to otherwise privileged communications shall be deleted from the record."
These provisions created a substantial potential problem when read in conjunction with the previous rule on confidentiality, which made public all proceedings after formal charges were filed. In addition to the possibly substantial burden of redacting the files for public release, there was the potentially greater problem of conducting panel hearings in such a manner as to preclude the possibility that confidential communications would be revealed during testimony, specifically the possibility that any public observers would have to be removed prior to the elicitation of any such communication only to be allowed to return until the next potentially confidential revelation. The Committee believes that under the amended rule the integrity of the disciplinary system can be maintained by releasing the results of any disciplinary action together with a redacted transcript of panel proceedings, while still maintaining the integrity of the mediation process.

Rule 10.270 10.860. Interested Party
A mediator is disqualified from serving on a committee or panel proceeding involving the mediator's own discipline or decertification.

Rule 10.280 10.870. Disqualification of Members of a Panel or Committee
(a) Procedure. In any case, any party may at any time before final disciplinary action show by a suggestion filed in the case that a member of the board before which the case is pending, or some person related to that member, is a party to the case or is interested in the result of the case or that the member is related to an attorney or counselor of record in the case or that the member is a material witness for or against one of the parties to the case.
(b) Facts to be Alleged. A motion to disqualify shall allege the facts relied on to show the grounds for disqualification and shall be verified by the party.
(c) Time for Motion. A motion to disqualify shall be made within a reasonable time after discovery of the facts constituting grounds for disqualification.
(d) Action by Chair. The chair of the appropriate committee or panel shall determine only the legal sufficiency of the motion. The chair shall not pass on the truth of the facts alleged. If the motion is legally sufficient, the chair shall enter an order of disqualification and the disqualified committee or panel member shall proceed no further in the action. In the event that the chair is the challenged member, the vice-chair shall perform the acts required under this subdivision.
(e) Recusals. Nothing in this rule limits a board member's authority to enter an order of recusal on the board member's own initiative.
*474 (f) Replacement. The center shall assign a board member to take the place of any disqualified or recused member.
(g) Qualifications. Each assignee shall have the same qualifications as the disqualified or recused member.

Rule 10.290 10.880. Supreme Court Review
(a) Right of Review. Any mediator or applicant found to have committed a violation of these rules or is otherwise sanctioned by a hearing panel shall have a right of review of the action taken by the panel. Review of this type shall be under the jurisdiction of the Supreme Court of Florida. Notice of review shall be filed with the clerk of the Supreme Court of Florida. A mediator shall have no right of review of any resolution reached pursuant to rule 10.220 10.810(j).
(b) Rules of Procedure. The Florida Rules of Appellate Procedure shall be applicable to review by the Florida Supreme Court.

Rule 10.300 10.900. Mediator Qualifications Advisory Panel Ethics Advisory Committee
(a) Scope and Purpose. The Mediator Ethics Advisory Committee shall provide written advisory opinions to mediators subject to these rules in response to ethical questions arising from the Standards of Professional Conduct. Such opinions shall be consistent with supreme court decisions on mediator discipline.
(a)(b) Appointment. The Mediator Qualifications Advisory Panel Ethics Advisory Committee shall be composed of 9 members, 3 from each geographic division served by the Mediator Qualifications Board. No member of the Mediator Qualifications Board shall serve on the advisory panel committee.
(b)(c) Membership and Terms. The membership of the panel committee shall be composed of 1 county mediator, 1 family mediator, and 1 circuit mediator from each division and shall be appointed by the chief justice. At least one of the 9 members shall also be a certified dependency mediator. The initial terms shall be as follows: county mediators2 years, family mediators3 years, circuit mediators4 years. All successive appointments shall be for 4 years. No member shall serve more than 2 consecutive terms. The panel committee shall select 1 member as chair and 1 member as vice-chair. No member shall serve more than 2 consecutive terms.
(c)(d) Meetings. The panel committee shall meet in person or by telephone conference as necessary at the direction of the chair to consider requests for advisory opinions. A quorum shall consist of a majority of the members appointed to the committee. All such requests for advisory opinions shall be in writing, shall be in writing, shall be considered only if received from mediators subject to the mediation rules. At the direction of the chair, in the case where a meeting is not justified on the basis of the expense that would be incurred, and after consideration of the number of requests for opinions, the panel may vote by mail. The committee may vote by any means as directed by the chair.
(d)(e) QuorumOpinions. The quorum for a meeting of the panel shall be 5 members, whether action is to be taken at a meeting or by mail. A majority of all members shall be required to concur in any advisory opinion issued by the panel. After due deliberation the panel shall render opinions, which shall be consistent with supreme court decisions on mediator discipline, the Rules for Certified and Court-Appointed Mediators, and considered in light of previous opinions of the panel. Upon due deliberation, and upon the concurrence of a majority of the committee, the committee shall render opinions. A majority of all members shall be required to concur in any advisory opinion issued by the committee. The opinions shall be signed by the chair, or vice-chair in the absence of the chair, filed with the Dispute *475 Resolution Center, published in the Dispute Resolution Center newsletter, and be made available upon request.
(e)(f) Effect of Opinions. While reliance by a mediator on an opinion of the panel committee shall not constitute a defense in any disciplinary proceeding, it shall be evidence of good faith and may be considered by the board in relation to any determination of guilt or in mitigation of punishment.
(f)(g) Confidentiality. In any opinion issued by the panel all references to the requesting mediator shall be deleted. Prior to publication, all references to the requesting mediator or any other real person, firm, organization, or corporation shall be deleted from any request for an opinion, any document associated with the preparation of an opinion, and any opinion issued by the committee. This rule shall apply to all opinions, past and future.
(g) Opinions. All opinions of the panel shall be in writing, with a copy provided to the Florida Dispute Resolution Center. The center shall make such opinions available, upon request, to any mediator or the public.
(h) Staff Assistance Support. The Florida Dispute Resolution Center shall provide all staff assistance support necessary for to the panel committee to fulfil its duties under these rules.

Committee Notes
2000 Revision. The Mediator Ethics Advisory Committee was formerly the Mediator Qualifications Advisory Panel.
NOTES
[1] The current definition provides (emphasis added):

Mediation is a process whereby a neutral third party acts to encourage and facilitate the resolution of a dispute without prescribing what it should be. It is an informal and non-adversarial process with the objective of helping the disputing parties reach a mutually acceptable agreement.
[2] Section 44.1011(2), Florida Statutes provides:

"Mediation" means a process whereby a neutral third person called a mediator acts to encourage and facilitate the resolution of a dispute between two or more parties. It is an informal and nonadversarial process with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement. In mediation, decision-making authority rests with parties. The rule of the mediator includes, but is not limited to, assisting the parties in identifying issues, fostering joint problem solving, and exploring settlement alternatives....
[3] Consistent with the rule 10.330(a) definition, The Oxford English Dictionary defines "impartial" as "not partial; not favoring one party or side more than another; unprejudiced, unbiased, fair, just, equitable." 7 The Oxford English Dictionary 700 (2d ed.1989). The term "neutral" is defined as "taking neither side in a dispute, disagreement, or difference of opinions; not inclining toward either party, view, etc." 10 The Oxford English Dictionary 356 (2d ed.1989).
[4] The portion of the committee note with which Dr. Firestone takes issue provides:

On occasion, a mediator may be requested by the parties to serve as a decision-maker. If the mediator decides to serve in such a capacity, compliance with this request results in a change in the dispute resolution process impacting self-determination, impartiality, confidentiality, and other ethical standards. Before providing decision-making services, therefore, the mediator shall ensure that all parties understand and consent to those changes.
[5] See Jeffrey W. Stempel, Beyond Formalism and False Dichotomies: The Need for Institutionalizing a Flexible Concept of the Mediator's Role, 24 Fla. St. U.L.Rev. 949 (1997); Leonard L. Riskin, Understanding Mediators' Orientations, Strategies, and Techniques: A Grid for the Perplexed, 1 Harv. Negotiation L.Rev. 7 (1996).
[6] See, e.g., Joseph B. Stulberg, Facilitative Versus Evaluative Mediator Orientations: Piercing the "Grid" Lock, 24 Fla. St. U.L.Rev. 985 (1997) (and articles cited therein); Jeffrey W. Stempel, Beyond Formalism and False Dichotomies: The Need for Institutionalizing a Flexible Concept of the Mediator's Role, 24 Fla. St. U.L.Rev. 949 (1997) (and articles cited therein).